IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

RONALD WAYNE LEE, )
)
       Petitioner, )
)
v. ) No. CIV-16-962-R
)
TOMMY SCARANTINO, Warden )
)
       Respondent. )

## REPORT AND RECOMMENDATION

Federal prisoner Ronald Wayne Lee has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging the execution of his sentence. (ECF No. 1). Mr. Scarantino has filed his Response to the habeas petition. (ECF No. 11)[1] to which Petitioner has filed his Response (ECF No. 13) resulting in a Reply (ECF No. 14) by Respondent. For the reasons set forth below, it is recommended that the Petition be **DENIED**.

## I. BACKGROUND

In 2004, Mr. Lee was convicted by a Texas state court. (ECF No. 2:4). On March 23, 2011, while on parole for the 2004 conviction, Petitioner was arrested for bank robbery. (ECF No. 2:4). Following an initial appearance on March 24, 2011, the federal court detained Petitioner at a federal detention center pending the disposition of his case. (ECF Nos. 2:4; 11-4). On April 11, 2011, Petitioner waived a parole revocation hearing, the State of Texas found him in violation of his parole, and he was ordered to

---

[1] Mr. Scarantino has filed a Motion to Dismiss pursuant to Federal Rule of Civil procedure 12(b)(6), but the pleading is actually a response on the merits of the habeas petition and a request for the Court to deny the petition.

serve the remaining balance of his original 15-year state sentence. (ECF Nos. 1-1:6; 2:4).

On June 22, 2011, following a guilty plea, the United States District Court for the Northern District of Texas convicted Mr. Lee of bank robbery. (ECF No. 11-9). On September 19, 2011, the Court sentenced Petitioner to serve 96 months in the custody of the Bureau of Prisons (BOP). (ECF No. 11-1). The sentence was ordered consecutive to Mr. Lee's pending revocation of parole case in Texas. (ECF No. 11-1).

Immediately after sentencing, Mr. Lee states that federal officials transported him to the custody of Texas state officials to serve the sentence on his parole revocation. (ECF No. 2:4-5). Following the completion of that sentence, Mr. Lee was taken into custody by federal officials to serve the federal sentence. BOP records indicate that Petitioner's federal sentence began to run on February 18, 2014. (ECF Nos. 1-1:4; 11-4:3).

Mr. Lee asserts two separate, yet intertwined, grounds for relief. First, Petitioner contends that he was forced to serve his federal sentence on "the installment plan," which Petitioner alleges is unconstitutional. (ECF Nos. 1:7; 2:7-10, 15-18; 13:3-6). According to Mr. Lee, he "was taken into 'full federal custody'" when federal officials arrested him on March 23, 2011, because at that time no "detainer or warrant was placed on him by his [state] parole officer." (ECF No. 2:7). Mr. Lee argues that the federal government: (1) relinquished jurisdiction over him by releasing him into the custody of the Texas state authorities absent a writ of habeas corpus *ad prosequendum* and by doing so (2) "interrupted the Petitioner's [federal] sentence" by removing him

from federal custody to state custody then moving him back to federal custody. (ECF Nos. 2:4-8, 14-18; 13:3-6). As a result, Mr. Lee contends that his federal sentence continued to run during the period of "interruption" when he was in state custody and argues that he should be given credit on his federal sentence for the entire time he served his state sentence. (ECF Nos. 1:8; 2:10, 18-21; 13:2).

Mr. Lee also argues that the BOP "abused its discretion by miscalculating the amount of time Petitioner has served on his Federal sentence." (ECF No. 1:6). As a result, Mr. Lee seeks credit for the time he spent in state custody. (ECF Nos. 1:8; 2:18-21).[2]

## II.  MR. LEE DID NOT SERVE HIS FEDERAL SENTENCE IN INSTALLMENTS

Mr. Lee argues violation of Due Process because he was forced to serve his federal sentence in "installments." According to Petitioner, the first "installment" occurred when he was detained in federal custody for approximately 6 months between his arrest and formal sentencing. Petitioner contends that the second "installment" began when, following the completion of his state sentence, he was returned to federal custody to begin serving that sentence. (ECF No. 1, 2). The Court should reject Petitioner's argument.

---

[2] In the Petition, Mr. Lee also alleged he was entitled to credit under 18 U.S.C. § 3585(b) for the time he spent in federal detention following his arrest, prior to federal sentencing. *See* ECF No. 2:20 ("The Petitioner asserts that he is entitled to pre-federal sentence time served under 18 U.S.C. 3585(b) since he was in exclusive federal custody from the time of his arrest."). But it appears as though Mr. Lee has abandoned that argument, as evidenced by statements in his Response to Mr. Scarantino's Motion to Dismiss. *See* ECF No. 13:1-2 ("As a preliminary matter, the Petitioner would like to apologize to all parties for alleging that he was not given a 206 day credit for the time spent in federal detention from the time he was arrested until he was remanded to state custody. Petitioner was unaware of that until he received a copy of the inmate data sheet and would like to clarify that he is only seeking credit for the time spent in state custody from 10/14/2011 to 2/17/2014.").

The Tenth Circuit Court of Appeals has held that a federal sentence must generally be served continuously "'unless interrupted by . . . some fault of the prisoner, and he cannot be required to serve it in installments.'" *Weekes v. Fleming,* 301 F.3d 1175, 1179 (10th Cir. 2002) (internal quotation omitted). In support of his argument, Mr. Lee relies heavily on *Weekes*, but the Petitioner's reliance is misguided.

In *Weekes*, the petitioner was in state custody, sentenced, then surrendered to federal authorities for prosecution under federal charges. *Id.* at 1177. The state court sentence was to run concurrent with any pending federal sentence. *Id.* Following imposition of the federal sentence, the petitioner was committed to the BOP and delivered to a federal facility. *Id.* The federal sentence was silent with respect to whether it was to be served consecutive to or concurrent with the state sentence. *Id.* Federal officials presumed the silence meant that the federal sentence was to be served consecutive to the state sentence, so approximately two months into the federal sentence, the petitioner was returned to state custody to serve that sentence. *Id.* at 1178. He served the full five-year state sentence, then was returned to federal custody to serve his federal sentence. *Id.*

The petitioner argued that he was entitled to release or at least credit on his federal sentence beginning when that sentence commenced. According to the petitioner, his sentence commenced "when he was designated to be transferred to serve his time at the federal penitentiary" and "continued to run despite the fact that the United States sent him to [the state authorities] to serve his state sentence." *Id.*

The BOP disagreed, arguing: (1) the petitioner was only in federal custody temporarily pursuant to a writ of habeas corpus *ad prosequendum*, (2) the petitioner's transfer to the federal facility for two months, was "an error," and (3) the federal sentence actually commenced after the state sentence ended. *Id.*

The Court was persuaded by the petitioner's arguments for three reasons. First, the Court found that the United States was unable to provide evidence that the transfer by the state authorities was conditional or temporary, pursuant to a writ of habeas corpus *ad prosequendum. Id.* at 1179. Thus, the Court "presumed . . . that both the United States and Idaho agreed to a permanent change of custody [to the federal government]." *Id.* at 1181. Second, the federal government "designated [the petitioner] as a federal prisoner after it took custody." *Id.* This was demonstrated by the petitioner's arrival at the federal facility. Finally, the record demonstrated "[t]he United States was under no duty to return [the petitioner] to state custody after federal sentencing," based on the fact that the state sentence was ordered to run concurrent with the federal sentence. *Id.* Thus, the Court concluded that the petitioner "must be given federal credit for time served since [the date he arrived at the federal facility], the date his federal sentence actually commenced." *Id.*

Mr. Lee argues that *Weekes* is applicable to his case:

> [I]n Weekes once the state gave up custody to the government without a writ of habeas corpus ad prosequendum, that created a presumption that the transfer was not temporary and the U.S. obtained primary custody. The same applies to this Petitioner, once the government transferred custody of the Petitioner to the State of Texas without a writ of habeas corpus ad prosequendum, it carried a presumption that the transfer was not temporary and gave the State of Texas primary custody. The government placed a detainer on the Petitioner to take him back into

5

> custody at a later date. However, once they gave up custody to the states, they cannot simply decide later that they want it back when they should have retained primary custody from the start.

(ECF No. 13:5-6) (internal citation omitted).

Mr. Lee's reliance on *Weekes* is misplaced. In *Weekes*, the holding was premised on three things: (1) the lack of a writ of habeas corpus *ad prosequendum*, which showed that state officials relinquished permanent custody to the federal government, (2) petitioner's designation as a federal prisoner and commencement of the federal sentence, and (3) the fact that the United States was under no duty to return the petitioner to state officials because the state sentence had ordered it to run concurrently with the federal sentence. *Weekes*, 309 F.3d at 1179-1181.

Factual differences between *Weekes* and the instant case render that case inapposite. First, unlike in *Weekes*, Mr. Lee's federal sentence specifically stated that the federal sentence would run *consecutive to* the state sentence. (ECF No. 11-1). Thus, unlike the United States in *Weekes*, the State of Texas *had* an affirmative duty to return Mr. Lee to federal custody following the completion of the state sentence. Second, Mr. Lee's federal sentence did not commence until February 18, 2014, when Mr. Lee was received at a federal facility and designated as a federal prisoner. (ECF Nos. 1-1:4; 11-4). *See* 18 U.S.C. § 3585(a) (a federal sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."); *Binford v. U.S.*, 436 F.3d 1252 (10th Cir. 2006) ("A federal sentence does not commence until a prisoner is actually received into federal

custody *for that purpose*.") (emphasis added). In *Weekes*, the federal sentence commenced when the inmate was taken to the federal facility to begin serving his federal sentence. But here, between the date of his arrest and sentencing, Mr. Lee was held in federal custody pending trial, but at that time, his federal sentence had not yet "commenced." (ECF Nos. 2:4; 11-6).

Finally, Petitioner attempts to bolster his case by repeatedly citing the lack of a writ of habeas corpus *ad prosequendum* between federal and state officials which he claims "created a presumption that the transfer [to state custody] was not temporary and gave the State of Texas primary custody." (ECF No. 13:6). Therefore, Mr. Lee contends that "[o]nce [federal officials] gave up custody to the state, they cannot simply decide later that they want it back when they should have retained primary custody from the start." (ECF No. 13:6). The lack of a writ was important in *Weekes* because the state sentence specifically stated that it was to run concurrent with the federal sentence, and the lack of a writ was further evidence that the United States had no duty to return the petitioner to state custody following the completion of the federal sentence. *Weekes*, 309 F.3d at 1180-1181. But here, the lack of a writ is irrelevant because unlike the petitioner in *Weekes*: (1) Mr. Lee's federal sentence had not commenced prior to the custody change and (2) the federal court judgment specifically ordered that sentence to run consecutive to the state sentence. (ECF No. 11-1:2). Assuming, *arguendo* that Mr. Lee is correct regarding the lack of a writ, its absence would have no bearing on whether Mr. Lee's sentence had been "interrupted" because

7

when state officials received custody of Mr. Lee, his federal sentence had not yet "commenced."

In sum, the Court should conclude that Mr. Lee was not subjected to unlawful federal detention in installments and accordingly, habeas relief should be denied.

### III. MR. LEE IS NOT ENTITLED TO ADDITIONAL CREDIT

In a related and additional argument, Mr. Lee contends that he is entitled to "post-federal sentencing credit for time served in a state facility" because he was forced to serve his federal sentence in installments. (ECF No. 2:20). Accordingly, Petitioner requests "credit for the time spent in state custody from 10/14/2011 to 2/17/2014." (ECF No. 13:2). Petitioner's argument is without merit because as discussed, he did not serve the federal sentence in "installments."

The Tenth Circuit Court of Appeals addressed similar circumstances in *Hayward v. Looney*, 246 F.2d 56 (10th Cir. 1957). In *Hayward*, the habeas petitioner had been in state custody, but then surrendered to federal authorities where he pled guilty to federal charges. *Hayward*, 246 F.2d at 57. The federal court sentenced him to 3 years in prison, but the judgment was silent regarding when the federal sentence would commence. *Id.* The petitioner was given back to state authorities where he was sentenced to five years in prison. *Id.* In 1955, following the service of the state sentence, the petitioner was turned over to federal custody to serve the federal sentence. *Id.* The petitioner argued that his federal sentence commenced the day he was sentenced in 1951 and by the time he was turned over to federal officials in 1955, the federal sentence had expired. *Id.* The Tenth Circuit disagreed, stating:

8

> It is well settled that when a state surrenders a prisoner to the Federal government for the purpose of trial on a Federal charge and upon conviction and sentence in the Federal court, the Federal authorities surrender custody of the prisoner back to the state authorities for trial or imprisonment, without the prisoner having been received at a Federal penal institution for service of his Federal sentence, the Federal sentence does not begin to run until such time as the prisoner is returned to Federal custody and received at the Federal penal institution for service of his Federal sentence.

*Id.* at 58.

*Hayward* is controlling. Here, Mr. Lee argues that he should be given credit for the entire time he was in state custody from October 14, 2011 to February 17, 2014. (ECF No. 13:2). But as in *Hayward*, Mr. Lee's federal sentence did not "commence" until February 18, 2014, upon the completion of the state sentence. Thus, he is not entitled to credit for the period he was in state custody under a theory that his sentence had commenced in 2011 and he cannot be forced to serve his sentence in "installments."

The Judgment in Mr. Lee's federal case explicitly stated that the federal sentence was to run consecutive to the state sentence in the parole revocation case. (ECF No. 11-1:2). In *Binford v. U.S.* 436 F.3d 1252 (10th Cir. 2006), the Tenth Circuit Court of Appeals rejected a similar "installment plan" challenge, where a habeas petitioner sought additional credits. In *Binford*, the petitioner had been on loan to federal officials pursuant to a writ of habeas corpus *ad prosequendum* for federal sentencing. *Binford*, 436 U.S. at 1253. The petitioner was sentenced, but was mistakenly transferred to a federal facility. *Id.* Approximately three weeks later, the error was discovered and the petitioner was returned to state custody. *Id.* The Court denied the petitioner's challenge for credit for the time spent in federal custody, but Mr. Lee argues that "*Binford* does

not apply because *Binford* was out on a writ of habeas corpus *ad prosequendum* and that is the reason he did not receive credit." (ECF No. 13:5). Mr. Lee has incorrectly interpreted *Binford*, as that Court stated that although the prisoner was mistakenly received into federal, rather than state custody first, no error occurred because "the overall period of his incarceration [was] not extended beyond the time contemplated by the sentencing courts . . . [and] [the petitioner's] federal sentence never began until he was finally received into federal custody *for the purpose of serving his federal sentence*." *Binford*, 436 F.3d at 1256 (emphasis added).

The same is true in the instant case. Mr. Lee's federal sentence did not commence until February 18, 2014. (ECF Nos. 1-1:4, 6; 11-4). The federal court explicitly ordered the federal sentence to be served consecutive to the state sentence. (ECF No. 11-1:2). Thus, like the petitioner in *Binford*, here, Mr. Lee's "federal sentence never began until he was finally received into federal custody for the purpose of serving his federal sentence"—on February 18, 2014, and the "overall period of his incarceration [was] not extended beyond the time contemplated by the sentencing courts." As a result, the Court should deny habeas relief on Mr. Lee's theory that he has been improperly denied credit.

## IV. RECOMMENDATION

It is recommended that Mr. Lee's Petition for Writ of Habeas Corpus be **DENIED**.

## V. NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court by **December 9, 2016**, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## VI. STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED on November 21, 2016.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE